UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TARA RAMIREZ, individually and on behalf of :
all others similarly situated, :
                Plaintiff, : **OPINION AND ORDER**
:
v. : 17 CV 5781 (VB)
:
SUPPORTBUDDY INC., RANJIT SINGH, and :
JOHN DOES #1-10, :
                Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Tara Ramirez brings this putative class action against defendants SupportBuddy Inc., Ranjit Singh, and ten unidentified "John Does" for violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq., and Section 349 of the New York General Business Law ("GBL"), as well as for common law intentional misrepresentation.

      Before the Court is defendants' motion to dismiss under Rules 12(b)(3) and 12(b)(6) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). (Doc. #22).

      For the following reasons, the motion to dismiss is GRANTED IN PART and DENIED IN PART, and the motion to transfer is DENIED.

      The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332(d).

## BACKGROUND

      For the purpose of deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

      Singh owns SupportBuddy, a computer technical support provider. SupportBuddy's website claims SupportBuddy provides support for Acer, Apple, Toshiba, Dell, Sony, HP, ASUS, Lenovo, and Microsoft products, although it is not officially affiliated with any of those

1

companies. SupportBuddy also claims to provide antivirus and browser support for companies with which it is not officially affiliated.

On or about September 7, 2015, plaintiff visited the website gocomputerhelp247.com, which SupportBuddy owns or operates. A "System Alert" pop-up window appeared, warning plaintiff: "Your computer is infected with an adware or malware causing you to see this popup. This may happen due to obsolete virus protections." (Compl. ¶ 46). The pop-up window also provided a telephone number for plaintiff to call for system support and stated, "Possibility of Data & Identity theft, if not fixed immediately." (Id.). Plaintiff was unable to navigate away, because the pop-up window was immediately replaced by another pop-up window every time plaintiff closed it.

The second pop-up window re-stated the warnings in the first pop-up window and also provided, among other things, "YOUR MAC COMPUTER HAS BEEN BLOCKED.* Trojan Virus System Alert!!" (Compl. ¶ 57). The second pop-up window included the same telephone number as the first and, next to the number, stated, "Please Contact Support for Apple." (Id.).

The webpage under the pop-up window also included logos for Apple and Norton by Symantec, a provider of antivirus and computer security software. The website further indicated the telephone number provided in the pop-windows was a "Mac Helpline." (Compl. ¶ 47).

Plaintiff called the number on the webpage, which connected plaintiff to SupportBuddy. SupportBuddy then resolved, or made it seem as if it had resolved, plaintiff's computer problems. SupportBuddy charged plaintiff $529 for the purported service.

Plaintiff alleges defendants caused malware to infect her computer and then charged her to remove it. Plaintiff also alleges defendants engaged in false and deceptive representations and omissions by means of the statements made in their System Alert and Trojan Virus System Alert

pop-up windows. Plaintiff purports to bring suit on behalf of two nationwide classes and a New York subclass for injunctive and monetary relief.

## DISCUSSION

I. Legal Standards

    A. Rule 12(b)(3)

In deciding a Rule 12(b)(3) motion to dismiss for improper venue, the Court must take all allegations in the complaint as true, unless challenged by defendants. U.S. E.P.A. ex rel. McKeown v. Port Auth. of N.Y. & N.J., 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001), aff'd sub nom., McKeown v. Del. Bridge Auth., 23 F. App'x 81 (2d Cir. 2001) (summary order). "When an allegation is so challenged '[a] court may examine facts outside the complaint to determine whether venue is proper.'" Id. (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1352). "'The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'" Id. (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1352). Moreover, it is plaintiff's burden to show venue is proper in the forum district. Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C., 927 F. Supp. 731, 735 (S.D.N.Y. 1996).

    B. Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiffs' legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d

150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  The Court may nevertheless consider a document not incorporated by reference if the complaint "'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint."  Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).  However, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document."  Id. (quoting Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)).  "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document."  Id. (quoting Faulkner v. Beer, 463 F.3d at 134).

C. Rule 56

Defendants rely on several affidavits attached to their prior motion to dismiss as well as an affidavit attached to the instant motion to dismiss.[1] Defendants argue in their reply brief the Court can consider the affidavits because the instant motion should be treated as one for summary judgment under Rule 56.

The Court disagrees.

"When additional materials are submitted to the Court for consideration with a 12(b)(6) motion, the Court must either exclude the additional materials and decide the motion based solely upon the complaint—including materials attached or integral to the complaint, documents incorporated into the complaint by reference, or matters of which the court may take judicial notice—or convert the motion to one for summary judgment under Federal Rule of Civil Procedure 56." MC v. Arlington Cent. Sch. Dist., 2012 WL 3020087, at *4 (S.D.N.Y. July 24, 2012) (internal quotation omitted); see Fed. R. Civ. P. 12(d).

Under Rule 12(d), a district court may convert a motion to dismiss under Rule 12(b)(6) into a summary judgment motion under Rule 56 if the court gives "'sufficient notice to an opposing party and an opportunity for that party to respond.'" Malaney v. Elal Isr. Airlines, 331 F. App'x 772, 774 (2d Cir. 2009) (summary order) (quoting Groden v. Random House, Inc., 61 F.3d 1045, 1052 (2d Cir.1995)). "The district court's refusal [to convert a motion to dismiss] is substantially discretionary, and denial under present circumstances (where the movants seek the conversion) is not error." Mitchell v. Drew, 154 F. App'x 235, 237 (2d Cir. 2005).

---

[1] On December 11, 2017, defendants moved to dismiss the initial complaint. (Doc. #17). Thereafter, with leave of Court, plaintiff filed an amended complaint. (Doc. #21). The instant motion was filed February 12, 2018.

"The essential inquiry is whether the [plaintiff] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." Malaney v. Elal Isr. Airlines, 331 F. App'x at 774 (quoting Groden v. Random House, Inc., 61 F.3d at 1052–53). "Even where only the party moving to dismiss has submitted extrinsic material such as depositions or affidavits, the opposing party may be deemed to have had adequate notice that the motion to dismiss would be converted." Galiotti v. Green, 475 F. App'x 403, 404 (2d Cir. 2012) (quoting Sahu v. Union Carbide Corp., 548 F.3d 59, 67 (2d Cir. 2008)).

Here, plaintiff did not have adequate notice that the motion to dismiss would be converted. Defendants did not argue the Court should convert the motion to one for summary judgment until they filed their reply brief. Indeed, throughout their initial brief, defendants argue plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6).

Defendants argue plaintiff's opposition to the motion to transfer relies on an unsupported statement that plaintiff is the primary caregiver of her two young children. However, plaintiff relied on that statement in support of her argument that the case should not be transferred for improper venue, for which the Court may consider it. See U.S. E.P.A. ex rel. McKeown v. Port Auth. of N.Y. & N.J., 162 F. Supp. 2d at 183. Therefore, plaintiff's single statement is not sufficient to establish that plaintiff had notice that the motion to dismiss would be converted to a motion for summary judgment.

Accordingly, the Court declines to convert the instant motion to dismiss to one for summary judgment. Moreover, the Court will not consider defendants' affidavits except to the extent they are relevant to defendants' Rule 12(b)(3) motions to dismiss or transfer.

II.  Failure to State a Claim

Defendants argue the Court should dismiss plaintiff's CFAA claims because she fails to allege loss sufficiently.

The Court agrees.

"The CFAA, in relevant part, provides a private federal cause of action against a person who 'intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer.'" Jet One Grp., Inc. v. Halcyon Jet Holdings, Inc., 2009 WL 2524864, at *5 (E.D.N.Y. Aug. 14, 2009) (quoting 18 U.S.C. § 1030(a)(2)).  Section 1030(g) of CFAA provides:  "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.  A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)."  18 U.S.C. § 1030(g).

The sole factor at issue here is factor (I), which requires the action relate to "loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value."  18 U.S.C. § 1030(c)(4)(A)(i)(I).  Because plaintiff relies on factor (I), it is not enough for her to allege damage—she must allege loss.  Mount v. PulsePoint, Inc., 2016 WL 5080131, at *8 (S.D.N.Y. Aug. 17, 2016), aff'd, 684 F. App'x 32 (2d Cir. 2017) (summary order).

"Loss" is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other

consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). Loss is "not limited to the cost of actual repairs," but refers more broadly to "any remedial costs of investigating the computer for damage, remedying the damage and any costs incurred because the computer cannot function while or until repairs are made." Nexans Wires S.A. v. Sark-USA, Inc., 319 F. Supp. 2d 468, 474 (S.D.N.Y. 2004), aff'd, 166 F. App'x 559 (2d Cir. 2006) (summary order).

Here, plaintiff argues she sufficiently alleged loss because of the deceptive representations within the malware's pop-up windows. However, deceptive representations do not constitute loss because they are not a remedial cost of investigating or remedying the computer for damage, nor are they costs incurred because the computer could not function.

Plaintiff also argues she sufficiently alleged loss because she incurred costs while her computer was inoperable and after SupportBuddy purportedly resolved her problems. However, plaintiff fails to quantify her alleged costs or make specific allegations as to the costs of repairing or investigating the alleged damage to her computer. See Bose v. Interclick, Inc., 2011 WL 4343517, at *4 (S.D.N.Y. Aug. 17, 2011).

Finally, plaintiff argues she alleged loss because she paid SupportBuddy $529 to remove the malware on her computer. The $529 plaintiff paid SupportBuddy does constitute loss; however, the Court cannot reasonably infer there were additional costs that took plaintiff's loss over factor (I)'s $5,000 threshold.

Plaintiff argues she and the putative class members have, in the aggregate, suffered at least $5,000 in loss.

The Court is not persuaded.

The Second Circuit has not yet addressed whether loss can be aggregated for purposes of the CFAA before a class is certified. Jensen v. Cablevision Sys. Corp., 2017 WL 4325829, at *14 (E.D.N.Y. Sept. 27, 2017). However, "as a general rule, until a class action is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, the claims of potential class members cannot be considered." Id. at 13 (internal citation omitted). Courts in the Second Circuit thus have held, "in order for a plaintiff to 'aggregate [damage and loss] across victims and over time,' it must be for a 'single act.'" Id. at *14 (quoting In re DoubleClick Inc. Privacy Litig., 154 F. Supp. 2d 497, 523 (S.D.N.Y. 2001)).

Plaintiff does not allege the purported class members' loss occurred because of a single act. To the contrary, plaintiff's aggregation argument depends on the allegation that defendants provided technical support to and charged "hundreds of Class members." (Compl. ¶ 97). Therefore, the losses of plaintiff's putative class members cannot be aggregated.

Accordingly, plaintiff has failed to allege loss, and her CFAA claims must be dismissed.

III. State Law Claims

A. Class Action Fairness Act

Defendants argue the Court should dismiss plaintiff's claims for intentional misrepresentation and for violation of GBL § 349 because, absent the federal law claims, there is no basis for the Court to consider them. Defendants provide no further elaboration, law, or support for their argument. However, assuming defendants intended to challenge the Court's subject matter jurisdiction over the state law claims, the Court rejects that argument—plaintiff has adequately alleged the Court's subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

B.   Ownership of the Website

Defendants argue plaintiff's claims should be dismissed because SupportBuddy does not own the website gocomputerhelp247.com.  However, defendants rely entirely on factual assertions in affidavits that were not attached to, incorporated by reference in, or relied heavily upon by the complaint.  Defendants do not otherwise contend plaintiffs have failed to plead SupportBuddy owns the website.  Therefore, the Court rejects defendants' argument that plaintiff's claims should be dismissed because defendants do not own gocomputerhelp247.com.

C.   Injunctive Relief

Defendants also argue plaintiff's "requests for injunctive relief as to its first through sixth causes of action fail to state a claim upon which the relief can be granted."  (Pl. Br. at 4).  As the Court has dismissed plaintiff's claims under CFAA, the Court need not consider whether plaintiff is entitled to injunctive relief under that act.  Moreover, the Court rejects defendants' argument to the extent defendants assert plaintiff is not entitled to injunctive relief on her state law claims, as they have not provided any legal basis or support for it.

IV.   Venue

A.   Proper Venue

Defendants argue plaintiff's claims should be dismissed because venue is improper in the Southern District of New York.

The Court disagrees.

The general venue provision, 28 U.S.C. § 1391(b), provides, "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

Here, a substantial part of the events giving rise to the claim occurred in the Southern District of New York, because plaintiff, a resident of Westchester County, accessed gocomputerhelp247.com while she was in the district.

Defendants further argue venue is improper because the court lacks general or specific jurisdiction. Defendants confuse an inquiry into personal jurisdiction with one for venue. Because defendants did not move to dismiss for lack of personal jurisdiction, the Court will not consider defendants' argument.

Accordingly, venue is proper in the Southern District of New York.

B.  Transfer

Defendants argue the Court should transfer the case to the Eastern District of California because SupportBuddy, which is located in California, provided the service at issue and charged plaintiff from California. Moreover, defendants argue it would be more convenient for defendants to appear in California, and the relevant documents are likely to be located there.

The Court is not persuaded.

"Absent consent, a motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate." Mohsen v. Morgan Stanley & Co. Inc., 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013) (internal quotation omitted).

A district court has broad discretion in deciding whether to transfer a case pursuant to Section 1404(a). Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989). The Court should consider, among other things: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative

ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006) (internal quotation omitted).

The plaintiff's choice of venue is "entitled to substantial consideration." Warrick v. Gen. Elec. Co., 70 F.3d 736, 741 (2d Cir. 1995) (internal quotation omitted). Indeed, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Lykes Bros. S.S. Co. v. Sugarman, 272 F.2d 679, 681 (2d Cir. 1959) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Here, plaintiff could have brought the action in the Eastern District of California because all defendants reside in California. However, having carefully considered all of the relevant factors, the Court concludes that plaintiff's choice of forum should not be disturbed.

Although the class action may include individuals from across the country, plaintiff resides in New York and accessed defendants' website from New York. Plaintiff also alleges violations of New York law on behalf of a New York subclass.

In addition, defendants do not provide any reasons for why it would be inconvenient for them to litigate in New York. Moreover, although defendants argue the convenience of witnesses favors transfer, defendants fail to "provide the court with a detailed list of probable witnesses who [would] be inconvenienced if required to testify in the current forum." Pace v. Quintanilla, 2013 WL 5405563, at *3 (S.D.N.Y. Sept. 23, 2013) (internal quotation omitted). Indeed, defendants do not identify any non-party witnesses, and "generally the convenience of non-party witnesses is accorded more weight than that of party witnesses in a § 1404(a) analysis." Id. at *3 n.2 (internal quotation omitted).

12

Accordingly, the Court does not find it is in the interest of justice to transfer this action to the Eastern District of California.

## CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

Defendants' motion to transfer is DENIED.

Defendants shall file an answer to the amended complaint by May 18, 2018.

The Clerk is instructed to terminate the motion. (Doc. #22).

Dated: May 4, 2018
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge